## J. O. SENSOBAUGH v. THE STATE.

### No. 6760.　Decided October 18, 1922.

**1.—Aggravated Assault—Maiming—Justifiable Homicide—Immunity.**

Where, upon trial of maiming and a conviction of aggravated assault, defendant contended that he was immune under our Statute from punishment because he had found the party injured in the act of adultery with his wife, and the acts of maiming were not disputed, a conviction for aggravated assault was supported by the evidence, and while under the statutes the defendant would have been justified to have killed the injured party, the statute did not give him immunity for maiming the injured party.

**2.—Same—Bill of Exceptions—Requested Charge—Maiming.**

Where the conviction was not for maiming, but for aggravated assault, the defense of immunity under Article 1102, P. C., and to various phases of the offense of maiming are not applicable, and passed out of the case.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of aggravated assault; penalty, a fine of $200, and sixty days confinement in jail.

The opinion states the case.

*Parks and Hall*, for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for aggravated assault; punishment fixed at a fine of $300 and confinement in the county jail for perior of sixty days. Appellant is charged with maiming.

Appellant entered his house and found therein the injured party with his wife of appellant under circumstances justifying the conclusion that they were about to have criminal relations. Appellant presented a gun, but told the injured party that he did not want to kill him. Appellant then tied the injured party, and while tied, cut off his penis with a razor. The facts are not in dispute, but in justification, the appellant contends that he is immune under our statute which provides that "a homicide is justifiable when committed by the husband upon the person of any one taken in the act of adultery with the wife; provided, the killing take place before the parties to the act of adultery have separated." Penal Code, Art. 1102. We have been referred to no authorities supporting this con-

struction of the statute, and we are constrained to believe that it is not sound.

Under the facts, the statute might have justified the appellant had he killed the injured party. He chose, however, not to kill him but to maim him or to inflict serious bodily injury upon him without the intent to kill. We find no warrant for extending the statute so as to give immunity for such conduct. The common law and in many jurisdictions, we understand, the statutes do not excuse one for taking the life of the paramour. Our statute upon the subject is an innovation. Wharton on Homicide, Sec. 239. Even under our statute, the paramour does not forfeit his privilege of escape nor does he wholly forfeit his right to defend his life. Reed v. State, 11 Texas Crim. Ann., 516. Article 1105 of the Penal Code expressly permits homicide to prevent maiming. The conviction is, under the facts, for aggravated assault, making the infliction of serious bodily injury the ground of aggravation. Doubtless, if serious bodily injury had been inflicted by the appellant in an attempt to kill the injured party, his immunity would be secure under the statute, but the record negatives such an intent and makes it plain that his intent was not to kill but to torture and maim the paramour.

The bill of exceptions and special charges have been examined. They, in the main, are directed to present the defense of immunity under Article 1102 and to various phases of the offense of maiming. The conviction was not for maiming. Hence, the consideration of the criticism of the manner in which that offense was submitted has passed out of the case.

We find no error in the judgment, and an affirmance is ordered.

*Affirmed.*