## LEE WON SING
v.
## UNITED STATES.
### No. 12042.

United States Court of Appeals District of Columbia Circuit.

Argued June 15, 1954.

Decided July 15, 1954.

Miller, Circuit Judge, dissented.

Mr. William E. Owen, Washington, D. C., with whom Mr. Ralph Stein, Washington, D. C., was on the brief, for appellant.

Mr. Carl W. Belcher, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., and Lewis A. Carroll and Arthur J. McLaughlin, Asst. U. S. Attys., were on the brief, for appellee.

Before WILBUR K. MILLER, BAZELON and FAHY, Circuit Judges.

PER CURIAM.

Appellant was indicted in one count for the illegal purchase and in another for the illegal concealment of narcotics in violation, respectively, of 53 Stat. 271, as amended, 26 U.S.C. § 2553(a) (1952), 26 U.S.C.A. § 2553(a),[1] and 35 Stat. 614, as amended, 21 U.S.C. § 174 (1952) 21 U.S.C.A. § 174. Lee Poo was jointly charged with appellant in these counts, and separately in three others in the

1. Further amended after the indictment in this case, 67 Stat. 506, 26 U.S.C.A. § 2553(a).

same indictment. He pleaded guilty and testified as the sole witness for appellant, who was convicted as charged. Had the jury believed Lee Poo's testimony the verdict might have been otherwise. His credibility, therefore, was an important factor in the case.

In cross-examining Lee Poo Government counsel asked if it were not a fact that appellant was giving him $20,000 to plead guilty—"to take the plea in this case". No objection was made to the question. Lee Poo answered in the negative and the Government did not offer evidence on the subject. After the judge's charge and before the jury retired defense counsel, pointing out the impact the question must have had on the jury, with its implication that Lee Poo was being paid to perjure himself, requested the court to instruct the jury that the Government, not having brought in evidence to the contrary, was bound by the negative answer given by Lee Poo. The court refused to charge in this manner but did instruct the jury that their verdict must rest upon the testimony of witnesses and other evidence, that questions are not evidence, and that the only thing the jury could properly regard as evidence were answers to questions propounded.

 The subject matter of the question of course was highly relevant, having to do with the guilt of appellant and with bribery and perhaps perjury affecting Lee Poo's testimony. But it could not properly be asked unless the prosecution had evidence of or reasonable ground to believe the truth of its implication. New York Life Ins. Co. v. Rankin, 8 Cir., 162 F. 103, 109; Clements v. State, 69 Tex.Cr.R. 369, 153 S.W. 1137; 6 Wigmore, Evidence § 1808 (2) (3d ed.). And see Vallone v. State, 141 Tex.Cr.R. 220, 226, 228, 147 S.W.2d 227, 229, 231. Since no effort was made to prove its truth, after Lee Poo's denial, the propriety of the question had to depend upon the existence of reasonable ground. All we have on this is that after the jury retired Government counsel at a bench conference advised the court of an anonymous letter in the hands of the police "from some

Chinaman to somebody" to the effect that appellant gave Lee Poo $20,000 to take the blame, and also said there were like rumors. This, without at least some showing of an investigation and its result, is not enough, particularly in view of the highly prejudicial character of the question.

The general instruction given by the court did not remedy the particular problem. The damaging character of the question, considered with the inconclusiveness of the evidence of appellant's guilt, called for a more direct and positive elimination of its influence upon the jury, when request for some instruction to that end was made. For this reason the judgment will be reversed and a new trial awarded.

The other errors urged are without merit.

Reversed and remanded.

WILBUR K. MILLER, Circuit Judge, dissents.