**UNITED STATES of America**
v.
**Lester H. BURDICK, Appellant.**
No. 11135.

United States Court of Appeals
Third Circuit.
Argued Feb. 7, 1955.
Filed May 6, 1955.
Rehearing Denied May 24, 1955.

Robert M. Taylor, Philadelphia, Pa., John H. Reiners, Jr., Camden, N. J., for appellant.

Frederick B. Lacey, Asst. U. S. Atty., Newark, N. J. (William F. Tompkins, U. S. Atty., Newark, N. J., on the brief), for appellee.

Before GOODRICH, KALODNER and HASTIE, Circuit Judges.

KALODNER, Circuit Judge.

This tax evasion case has been remanded to this Court by the Supreme Court of the United States for reconsideration in the light of Holland v. United States, 1954, 348 U.S. 121, 75 S.Ct. 127; Friedberg v. United States, 1954, 348 U.S. 142, 75 S.Ct. 138; Smith v. United States, 1954, 348 U.S. 147, 75 S.Ct. 194; United States v. Calderon, 1954, 348 U.S. 160, 75 S.Ct. 186.

In its order of remand the Supreme Court cited:

"We have not considered the merits of these cases, nor have we determined their relation to our recent opinions * * * believing that re-examination by the Courts of Appeals is desirable even in those cases remotely involving the principles laid down in the net worth decisions." 1955, 348 U.S. 905, 906, 75 S.Ct. 311, 312.[1]

The four Supreme Court decisions forming the basis of the remand contain an analysis of the net worth theory and a thorough discussion of the need for caution in reviewing convictions secured by this method. They also contain rules of limitation which must be observed in the attempt to establish guilt through net worth computations.

■ We are of the opinion that the conviction under review is fully sustainable without resort to the net worth theory. This being the case, it would constitute a mere academic exercise to reconsider the net worth features of this appeal in the light of the authoritative guidance furnished by the Supreme Court with respect to net worth prosecutions.

The government produced ten witnesses who testified that the defendant, during the period covered by the indictment, had received from them sums of approximately $14,500.00. The defendant did not dispute receipt of these sums but contended he regarded them as gifts and therefore treated them as non-taxable. The issue of whether these sums were gifts and whether the defendant wilfully evaded income taxes in so treating them were issues that comprised a substantial part of the litigation in the District Court. In 3 Cir., 1954, 214 F.2d 768, 771–772, we considered the nature of these transactions and the bona fides of the defendant's treatment of them for tax purposes. This appeal presents no new material to alter our former judgment on this score, and consequently there is no need to dwell in detail on the contentions with respect to these questions.

The District Court charged that the government must "establish through convincing [2] evidence that the expenditures made by the defendant in each year came *from taxable income* (income subject to taxation)." (Emphasis supplied.) Since the only proof offered by the government as to the source of the defendant's allegedly unreported income consisted of the $14,500 receipts previously mentioned, the jury must have considered them in applying the standard formulated by the Court. It is clear that the jury could not, consistent with the charge

1. The Supreme Court took similar action with respect to nine other net worth cases, enumerated at 1955, 348 U.S. 904–905, 75 S.Ct. 288, 311.

2. The use of the word "convincing" in the portion of the charge quoted did not suggest a standard in opposition to the usual phrase "beyond a reasonable doubt", for the latter phrase refers to a degree of persuasion. In both civil and criminal cases the jury must be "convinced". The difference lies in the degree of conviction required. Any doubt as to the jury's understanding of this phase of the charge is dissipated upon examination of the District Court's thorough instruction as to the nature of the government's burden which included the following: "If there remains in your minds a reasonable doubt as to whether the government has established *any one element* which is a necessary or an essential part of the offense you must acquit the defendant. . . . The proof must be of such weight as to persuade your reasoning judgment beyond a reasonable doubt." (Emphasis supplied.)

**934**

of the Court, have returned a verdict of guilty unless it construed these receipts in accordance with the thesis advanced by the government. Thus, while the indictment was framed according to the net worth theory it is clear that the case as presented to the jury pivoted on the issue whether the receipts were nontaxable gifts or payment for services, qua gratuities, tips, etc.[3]

It is apparent therefore, that the defendant was convicted for wilfully failing to report approximately $14,500 as taxable income. The receipt of these amounts was admitted. Their taxability was established by overwhelming evidence. Accordingly, the net worth computations introduced at the trial are without relevance to this appeal.

 One circumstance remains to be considered. The government in its indictment alleged that approximately $33,000 of taxable income had not been reported by the defendant. The specific income proof comprised $14,500. The variance is not fatal, for it is settled that it is not necessary to prove evasion of the entire amount alleged in the indictment. It is sufficient to prove that a substantial amount of tax liability has been wilfully evaded. Watts v. United States, 10 Cir., 1954, 212 F.2d 275; Sasser. v. United States, 5 Cir., 1953, 208 F.2d 535; Tinkoff v. United States, 7 Cir., 1937, 86 F.2d 868, certiorari denied, 1937, 301 U.S. 689, 57 S.Ct. 795, 81 L.Ed. 1346.

For the foregoing reasons the judgment of the District Court will be affirmed.

3. The defendant contended he had been advised by the local Internal Revenue Office in "1940–1943 or 1944" that these receipts were not taxable. With respect to this contention the Court charged: "If you conclude his failure to report these items was due to an honest, even though mistaken opinion that these items were not subject to tax, then you must eliminate them from your consideration. * * *"