**C. Maxwell BROWN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 11980.**

United States Court of Appeals
Sixth Circuit.

Aug. 12, 1955.

---

Lee S. Jones and J. Walter Clements, Louisville, Ky. (Helèn R. Graft, Louisville, Ky., on the brief), for appellant.

Charles M. Allen, Asst. U. S. Atty., Louisville, Ky. (J. Leonard Walker, U. S. Atty., Louisville, Ky., on the brief), for appellee.

Before SIMONS, Chief Judge, and ALLEN and McALLISTER, Circuit Judges.

SIMONS, Chief Judge.

From our decision, 209 F.2d 260, affirming his conviction for wilfully attemping to defeat and evade income taxes for 1946 and 1947, the appellant sought certiorari from the Supreme Court of the United States and the writ issued. In a series of cases wherein the "net worth" method of proof was followed by conviction, the Supreme Court undertook a general consideration of this technique, noted its widespread use, and, while upholding its admissibility as circumstantial evidence, cautioned a close scrutiny of its use because fraught with danger to the innocent.

The cases considered were Holland v. United States, 348 U.S. 121, 75 S.Ct. 127; Friedberg v. United States, 348 U.S. 142, 75 S.Ct. 138; Smith v. United States, 348 U.S. 147, 75 S.Ct. 194, and United States v. Calderon, 348 U.S. 160, 75 S.Ct. 186. In each, conviction was upheld. The most detailed discussion of the dangers residing in the "net worth" method is to be found in the Holland case. Within a few days after these decisions were announced, the Court, per curiam,

without consideration of their merits, granted certiorari in nine additional net worth cases. It set aside the affirmances therein and remanded the cases to their respective circuits for consideration, in the light of Holland and associated cases. 348 U.S. 905, 75 S.Ct. 311. This appeal is one of those remanded. It has now been reargued and reconsidered by us in the light of the specific cautions developed in the principal cases. We have also given study to those cases that have been reconsidered in the Courts of Appeals since their remand. They are Strauch v. United States, 6 Cir., 223 F.2d 377, decided June 13, 1955; Watts v. United States, 10 Cir., 220 F.2d 483; Beaty v. United States, 4 Cir., 220 F.2d 681, and United States v. Burdick 3 Cir., 221 F.2d 932. None has produced a result differing from the original decision.

The government, in the present case, produced direct proof of specific items of income omitted from the appellant's return and reinforced it by a "net worth" computation. The appellant is a lawyer. His clients gave evidence that they had paid him fees in 1946 of over $4,000.00 more than was reported in his return for that year and of over $5,000.-00 more in 1947 not reported. The appellant, testifying at the trial, conceded that he had received $7,300.00 in 1946 and $5,700.00 in 1947 which he had not returned as income and upon which he had paid no tax. He explained his failure upon the ground that the fees were contingent, that he had an oral contract with each of his clients that in the event of inability to complete the work undertaken, because of other commitments, he would refund all or part of the fees received, that he had followed this practice from 1941 on through the prosecution years, that, not being a tax lawyer, he had consulted counsel and was advised that he was not obliged to report such income until his services were completed, that when he later did complete the cases he included such fees in his income tax returns for the years 1948 and 1949 and paid the tax thereon.

The appellant reported his income on the cash receipts and disbursements methods. In Healy v. Commissioner, 345 U.S. 278, 281, 73 S.Ct. 671, 97 L.Ed. 1007, it was pointed out that one of the basic aspects for Federal Income Tax is that there be an annual accounting of income and each item must be reported in the year in which it is properly reportable and in no other. It relied upon North American Oil Consolidated v. Burnet, 286 U.S. 417, 52 S.Ct. 613, 615, 76 L.Ed. 1197, wherein the Court, speaking through Mr. Justice Brandeis, said: "If a taxpayer receives earnings under a claim of right and without restriction as to its disposition, he has received income which he is required to return, even though it may still be claimed that he is not entitled to retain the money, and even though he may still be adjudged liable to restore its equivalent." There is a claim of right when funds are received and treated by a taxpayer as belonging to him.

Had the explanation of the appellant been believed by the jury, it might have stood him in good stead on the question of wilfulness in failure to report the fees as income during the prosecution years. The government, however, introduced thirty-nine witnesses, most of them supporting its position that unreported fees had been paid to the appellant for past services in cases upon which no further work was to be done and which were finally closed in 1946 and 1947. Only one testified to an arrangement which, though not clear, was open to interpretation that part of the fee paid was for future services and contingent upon their being performed. There is no doubt that the appellant treated the money as his own. While he had two bank accounts and a safety deposit box in which he kept currency in varying amounts, their totals were never, during the years involved, sufficient to make adequate refunds to clients if he had been obliged to do so. This is, in effect, admitted by the appellant's explanation that he could have sold his real estate and automobiles,

in the event that he had failed to perform. The jury was justified in rejecting his explanation that the fees were contingent. The obligation to pay the tax and the penalty for failure to truthfully account for taxable income is unequivocally fixed by 26 U.S.C.A. § 145 (b).

■■ The government also supported its direct evidence with computations made by Revenue Agents, showing increases in net worth far in excess of reported income. There was also a computation made by a former auditor of the appellant which differed only slightly from that made by the Agents, based upon information furnished by the taxpayer. This was evidence not privileged. Gariepy v. United States, 6 Cir., 189 F. 2d 459; Himmelfarb v. United States, 9 Cir., 175 F.2d 924; Williston, Evidence 3rd Ed. § 2325. Concededly, the computations were but approximations and lacked precision. They showed a result, however, indicating a substantial increase in net worth in the prosecution years over the amount of reported income. The admission of these computations into evidence was not prejudicial, in the face of the taxpayer's own evidence of failure to disclose income substantially in excess of what the government's proof showed. In Strauch v. United States, supra, we sustained conviction of all three defendants upon ample independent evidence. In United States v. Burdick, supra, it was held that the conviction under review was fully sustainable without resort to the net worth theory and, this being the case, it would constitute a mere academic exercise to reconsider the net worth features in the light of the guidance furnished by the Supreme Court with respect to net worth prosecutions. It may be that in a case where the issue of tax evasion may be close upon balanced direct evidence, prejudice might be perceived in the introduction of a net worth statement subject to criticism for infirmities therein. This is not that kind of case.

■ We have examined the instructions of the Court to the jury and find no prejudicial error there. In any event, no timely objections were made to the net worth instructions, principally complained of, required by Rule 30 of Federal Rules of Criminal Procedure, 18 U. S.C.A. Complaint is also made of misconduct on the part of several jurors brought to the attention of the Court by affidavits, and rejected. This not only runs counter to the rule that jurors may not impeach their verdicts, Nicely v. United States, 6 Cir., 129 F.2d 357, but the affidavits were fully and categorically met by the affidavits of other jurors. The Court knew both the accusing jurors and those accused. He had, undoubtedly, qualified them and had witnessed their conduct in other cases. He had opportunity superior to ours in determining their credibility and passing on their conduct. The Court's denial of a new trial upon this ground is not clearly erroneous. The assailed judgment is

Affirmed.