**UNITED STATES of America**

v.

**Arnold F. DI SILVESTRO.**
**Cr. No. 18873.**

United States District Court
E. D. Pennsylvania.
Jan. 11, 1957.

W. Wilson White, Robert J. Spiegel, Philadelphia, Pa., for plaintiff.

John B. Leake, Philadelphia, Pa., for defendant.

LORD, District Judge.

Defendant has moved for a judgment of acquittal and in the alternative for a new trial following a jury verdict of guilty of willful failure to file Federal Income Tax Returns for the years 1953 and 1954 within the time required by law.

The principal statutes involved are Title 26 U.S.C.A. § 145(a), applicable to the tax year 1953, and Title 26 U.S.C.A. § 7203, applicable to the tax year 1954. The latter provision, for all purposes here concerned, is similar to the former, § 145(a), which provided:

"Any person required under this chapter to pay any * * * tax * * * or * * * to make a return * * * who willfully fails to * * * make such return * * * at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than one year, or both, together with the costs of prosecution."

Other statutes are involved, such as the requirement that anyone whose annual income exceeds $600 must make a return, and the provisions as to times of filing. It was stipulated, however, that defendant's income exceeded $600 during the years in question. As to the times of filing, defendant testified that the returns were filed on December 7, 1955, and it is undisputed that the returns should have been filed March 15, 1954, and April 15, 1955, respectively. These statutes are therefore not called into question.

Defendant pleaded not guilty to the information which charged in Count I that defendant's gross income in 1953 was $11,165, and in Count II that his gross 1954 income was $11,155. The named amounts of gross income are not in issue, being the defendant's own figures.

Defendant claims that as to willfulness the evidence is insufficient, especially— he argues—in view of its circumstantial nature. He also claims that questions asked by the prosecution on cross examination were prejudicial, that misleading statements were made by the government in its closing address, and that a new trial is warranted in the alternative if a judgment of acquittal be not granted.

There is little dispute as to the facts. Defendant is a practicing attorney in the City of Philadelphia. Although admitted to the bar in 1941, he was in the United States Coast Guard from January of 1942 to the summer of 1946. Since his discharge from the service in 1946 to the present he has been practic-

ing law, having entered an office established by his father, but from which the parent retired in 1947. Testifying in his own defense, he recounted his financial difficulties from 1947 to the present, and stated that he has been insolvent during that entire period.

It is undisputed that in addition to the years 1953 and 1954 upon which the information is based, there was a failure to file returns for the years 1948 to 1952, inclusive, until the winter of 1955. At that time, in the face of a pending Internal Revenue investigation, defendant reported his income for the years 1948 through 1954, without making any remittance at the time. Early in 1956, upon receipt of a computation of liability from the Internal Revenue office, the defendant borrowed money from his father and paid the liability in full.

■ The evidence of failure to make timely returns for the years 1948 through 1952 was admitted for its bearing upon intent or motive, since the crime in question was one in which state of mind is an element. United States v. Fawcett, 3 Cir., 1940, 115 F.2d 764, 768, 132 A.L.R. 404.

The defense was simply that defendant did not have the money with which to pay his taxes, and that he believed one could not file a tax return without simultaneous payment. He freely admitted that he had long been aware that he was violating the law by thus failing to report his income, and had lived in dread of the consequences during the years in question.

To show that his conduct was not willful within the statute, he testified as to his scanty acquaintance with tax law, and told of his disclosures of the defaults to a number of persons. For example, he had confessed his derelictions to a doctor client, to his law associate, his legal secretary, and to his wife. He admitted, however, that he had not secured professional advice. In that direction he had nevertheless made a veiled inquiry of an Internal Revenue agent, Mr. Walkenstein, in 1953. Both defendant and Mr. Walkenstein testified that the latter had

advised, in response to defendant's question (which did not disclose whose default was involved), that late filing, on the taxpayer's voluntary disclosure, was treated with leniency so long as payment accompanied the disclosure.

Through his law associate, the defendant had made another attempt to secure advice from a former Collector of Internal Revenue. This query likewise did not disclose that the information was sought on behalf of defendant. It proved fruitless, since for some reason the parties lost contact before definite recommendation or advice was secured.

Various plans made by defendant from time to time for raising money to meet the tax liabilities were described as indications of absence of bad faith.

■■ In the present motion, the defendant argues that, in the face of the foregoing evidence, the jury was not justified in reaching a verdict which necessarily comprehended statutory willfulness. He adds that since the evidence of willfulness was entirely circumstantial, it cannot support the verdict unless it excludes any reasonable hypothesis of innocence. He argues that it falls short of that test.

As to the general sufficiency of the evidence, the Court believes the defendant's allegation unwarranted; as to the circumstantial nature of the evidence of willfulness, the defendant's argument is considered inapplicable.

By elimination, the question narrows down to that of the willful element. The other factors of the case for the prosecution were supported by uncontradicted direct testimony, or were admitted. In prosecutions under the instant statutes, and their earlier counterparts, the very contentions of the defendant have been raised in many instances. In United States v. Commerford, 2 Cir., 1933, 64 F. 2d 28, at page 30, it was said:

"The appellant knew or should have known of the requirement to file his return and pay a tax, * * Questions of intent of this character are for the jury, and willful intent

in failing to file a return may be supported by the circumstances surrounding this case. * * *"

In Yarborough v. United States, 4 Cir., 1956, 230 F.2d 56, at page 61, on a fact situation very like the present one, it was held proper to deny a request

"* * * to give the charge, usually given in circumstantial evidence cases, to the effect that if upon the whole evidence there is any reasonable hypothesis consistent with the innocence of defendant, it would be the duty of the jury to acquit. * * *"

since the court's general charge gave full instructions as to the presumption of innocence and reasonable doubt.

It would seem that the asserted rule as to circumstantial evidence has been more customarily applied in criminal cases where circumstantial evidence alone is relied upon to supply a vital fact, United States v. Russo, 3 Cir., 1941, 123 F.2d 420, or where the entire case is made up of circumstantial evidence, United States v. Tatcher, 3 Cir., 1942, 131 F.2d 1002; United States v. Laffman, 3 Cir., 1945, 152 F.2d 393.

■ The essentials of willfulness are seldom successfully defined, in these tax cases, in the abstract, see Forster v. United States, 9 Cir., 1956, 237 F.2d 617, 619; Murdock v. United States, 1933, 290 U.S. 389, 54 S.Ct. 223, 78 L. Ed. 381. That the present "lesser offense" of a misdemeanor requires a showing considerably less positive than required for a conviction under the felony statute counterpart of the act here in question, 26 U.S.C.A. § 7201, formerly § 145(b), is nevertheless clear, Spies v. United States, 1943, 317 U.S. 492, 496–499, 63 S.Ct. 364, 87 L.Ed. 418. Nor is there any dissent from the rule that the matter of willfulness is a question for the jury. United States v. McCormick, 2 Cir., 1933, 67 F.2d 867.

The very defense which the present defendant makes was at issue in Yarborough v. United States, 4 Cir., 1956, 230 F.2d 56. There the following in-structions were approved, 230 F.2d at pages 60–61:

" 'The defendant has testified that he thought it was necessary to pay the tax at the time he filed the return, and that he did not file the returns because he did not have the money to pay the tax. Of course, the tax was legally payable in full when the return was filed. But I instruct you that the fact that the defendant did not have sufficient cash to pay the tax, even if you find that to be a fact, is not a good legal reason for failure to file a return. You should, however, consider this testimony along with all the other testimony in the case in determining whether defendant's action in failing to file the returns was wilful.' "

" 'I instruct you that the only bad purpose or bad motive, which it is necessary for the Government to prove in this case is the deliberate intention not to file returns which the defendant knew ought to have been filed, so that the Government would not know the extent of the liability.' "

■■ In the present case, as in the Yarborough case, the defense was substantially that of ignorance of the law. Although that is no defense to a crime in itself, it may be shown in a crime like the present where willfulness is an element in that it may negative willfulness in failure to perform the duty. Hargrove v. United States, 5 Cir., 1933, 67 F.2d 820, 823, 90 A.L.R. 1276; United States v. Murdock, 1933, 290 U.S. 389, 395–396, 54 S.Ct. 223, 78 L.Ed. 381.

■ In the instant case, the defendant was given every opportunity to present that defense, and the case went to the jury under instructions which have not been challenged. The verdict was the sole responsibility of the jury, whose verdict of guilty necessarily resolved the factor of willfulness. United States v. McCormick, 2 Cir., 1933, 67 F.2d 867.

The motion also claims prejudice resulting from improper cross examination

of defendant's witness, R. Walkenstein, and also from certain statements concerning the evidence in the government's closing address which were allegedly misleading and warrant the granting of a new trial.

No objections were made to the cross examination or the address to the jury. In that circumstance, the defendant is in effect asking that plain or fundamental error be recognized. That is, under Rule 51 of the Federal Rules of Criminal Procedure, 18 U.S.C., it is of course necessary that objection to the introduction of evidence be made at the proper time. United States v. De-Marie, 7 Cir., 1955, 226 F.2d 783, 788. By the same authority, allegedly improper remarks of the prosecution need not be reviewed where no objection was made at the time. Az Din v. United States, 9 Cir., 1956, 232 F.2d 283, 287.

Plain error may of course be noticed under Rule 52, Federal Rules of Criminal Procedure, where substantial rights have been affected. In determining whether prejudice has occurred when thus tardily asserted, however, the alleged error is not to be considered in isolation from other circumstances of the trial. Crawford v. United States, 1952, 91 U.S.App.D.C. 234, 198 F.2d 976, 978.

Tested by those standards, the cross examination of Mr. Walkenstein reveals several questions by the prosecuting attorney which imply that a few months before the witness talked to defendant, there had been a "change in [Bureau] policy as to voluntary disclosures." It is true that no evidence as to the nature of that change of policy was introduced, and defendant claims the cross examination to have been grossly prejudicial for that reason, citing Lee Won Sing v. United States, 1954, 94 U.S.App.D.C. 310, 215 F.2d 680, 681. In that case one jointly indicted with defendant had pleaded guilty, and then testified for the defense. In cross examination, the prosecutor asked him "if it were not a fact that appellant [defendant] was giving him $20,-000 to plead guilty," which the witness promptly denied. Since no evidence of any such offer was forthcoming, and the court refused to charge that the Government was bound by the negative answer of that witness under the state of the evidence, the conviction was set aside.

The Lee Won Sing case simply illustrates the gravity of prejudice necessary to require a new trial on the grounds of plain error. By contrast, the alleged irregularity of the questions in cross examination here, to which no timely objection was made, is not significant.

The other claim of prejudice concerns arguments of the prosecuting attorney when trying to show contradictions arising out of the defendant's own actions. He mentioned briefly that defendant had not reported his 1943 income until 1946, and had paid the tax due in installments in 1948 and 1950. Defendant points out that he was permitted to report late as to 1943 by virtue of a statute applicable to servicemen.

The prior testimony had made clear the circumstances as to the filing of the 1943 return. The Government's theory was perhaps that the filing in 1946 of the 1943 return, without final payment until 1950, although excused by statute, tended to suggest that defendant might have known filing without simultaneous payment to be conceivable.

The propriety of such possible argument need not be determined. Suffice it to say that a ruling thereon could have been secured at trial had counsel made timely objection. On the present record, however, no palpable error appears.

The converse of the rule stated earlier is that the alleged plain error should be considered only in connection with the other circumstances of the trial. Crawford v. United States, 1952, 91 U.S.App. D.C. 234, 198 F.2d 976, 978. By that test, there is no showing that defendant was prevented from demonstrating his defense to the jury. There is now no warrant for disturbing its verdict.

For the foregoing reasons, defendant's motions for judgment of acquittal and for new trial are

Denied.