John W. LEON and James McManaway, Appellants,

v.

UNITED STATES, Appellee.

No. 2051.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 21, 1957.

Decided Dec. 5, 1957.

---

Hyman Smollar, Washington, D. C., for appellants. Stanley B. Frosh, Washington, D. C., also entered an appearance for appellants.

Louis M. Kaplan, Asst. U. S. Atty., with whom Oliver Gasch, U. S. Atty., Lewis Carroll and William A. Dougherty, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Four men were convicted by a jury for an unlawful entry[1] into an apartment located in the District of Columbia, and two of them have appealed. Appellant Leon, a private detective, and appellant McManaway, a part-time photographer, had been employed by one Johnston, a codefendant, to secure evidence against his wife to be used in a divorce proceeding. The evidence in behalf of the prosecution showed that Johnston's wife was in the apartment of the complaining witness one morning when the four defendants forced their way through the door, breaking the night chain and assaulting the complainant. A police officer corroborated the testimony about the broken chain and the condition of the door. Only appellants took the stand; they denied that they had entered the apartment unlawfully and claimed instead that they were invited in by the complainant.

On appeal the first contention is that the trial judge erred in excluding testimony tending to prove Mrs. Johnston's residence in the apartment, and in not directing an acquittal on the theory that Johnston had the right to make what would otherwise be an illegal entry in order to prevent the debauchment of his wife. Appellants rely on the principle that a man has the right to commit an assault, if necessary, to protect his marital rights when he discovers his wife committing or about to commit an act of adultery,[2] and argue analogously that he should have a right of entry in such a case, a right which is supposedly shared by appellants. Since the husband has not appealed, we need not decide whether he has such a right. We do not believe that such a defense is available to the present appellants for two reasons: (1) such a right, if it exists, would be personal to the husband and cannot be invoked by others to justify their actions; (2) the evidence here clearly shows that the defendants' purpose in entering the apartment was not to prevent the debauchment of Johnston's wife, but rather to secure evidence to be used in a divorce proceeding.[3]

Next, appellants claim that the trial judge should have granted a mistrial because of certain questions asked by the attorney for the government during cross-examination of McManaway, as follows:

"Q. Mr. McManaway, I just have one question only. A. Yes, sir.

"Q. I want to ask you if you recall a conversation earlier this afternoon in this courthouse with [the complaining witness]? A. I believe so.

"Q. Didn't you say to [the complaining witness] you would not have gone on this job had you known they were going to break in? A. No, sir. I didn't."

No objection was made to these questions when they were asked. No evidence of

---

1. Code 1951, § 22–3102 (Supp. V).

2. 4 Am.Jur., Assault and Battery, § 55.

3. Cf. Sensobaugh v. State, 1922, 92 Tex. Cr.R. 417, 244 S.W. 379.

the alleged conversation was present in the case at that time nor was any subsequently introduced. The judge instructed the jury in effect that the prosecution was "bound by the answer," i. e., that no such statement was made.

■ While the questions may have been proper at the time they were asked, since they may have been designed to lay a foundation for impeachment by showing a prior inconsistent statement, the failure to pursue the subject by introducing evidence of the alleged conversation was error.[4] We believe, however, that the court's instruction to the jury was sufficient to cure any resulting prejudice.[5]

■ Finally, appellants contend that the court abused its discretion in not awarding them a new trial on the ground of newly discovered evidence. The "evidence" con-sisted of a clipping from a local newspaper, dated November 25, 1952, which reported a ruling of another judge of the trial court apparently upholding a right of entry for private detectives in the type of situation involved here. Appellants alleged that they recalled the "report" before trial but were unable to discover it until after the jury's verdict. They claim that it should be admissible on the question of intent.

■ We believe that the court was correct in denying the motion. In the first place, it was a hearsay account of a ruling not officially reported and thus was not admissible as evidence. Secondly, the general rule is that no one may rely on a decision of a lower court to justify his acts, regardless of whether he acted in good faith or not.[6]

Affirmed.

---

4. Lee Won Sing v. United States, 1954, 94 U.S.App.D.C. 310, 215 F.2d 680.

5. Ibid.

6. State v. Striggles, 1926, 202 Iowa 1318, 210 N.W. 137, 49 A.L.R. 1270, 1271; United States v. Calamaro, D.C.E.D.Pa. 1956, 137 F.Supp. 816, 819, reversed on other grounds, 3 Cir., 1956, 236 F.2d 182, affirmed, 1957, 354 U.S. 351, 77 S.Ct. 1138, 1 L.Ed.2d 1394; see the annotation, 49 A.L.R. 1273.