UNITED STATES of America

v.

Frank PALERMO, a/k/a Frank "Blinkey" Palermo, 250 South Broad Street, Philadelphia, Pa.

Cr. No. 19189.

United States District Court
E. D. Pennsylvania.
Dec. 5, 1957.

roneous impression that past membership in the Communist Party of Italy was per se a ground for exclusion.

Harold K. Wood, U. S. Atty., Joseph L. McGlynn, Jr., Asst. U. S. Atty., Philadephia, Pa., for plaintiff.

Jacob Kossman, Philadelphia, Pa., for defendant.

GRIM, District Judge.

Defendant has been found guilty of having willfully failed to pay income tax on time in violation of Section 145 (a) of the Internal Revenue Code of 1939, 26 U.S.C.A. (I.R.C.1939) § 145(a), and Sec. 7203 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7203, which in substantially identical language provide:

"Any person required under this chapter to pay any * * * [income] tax * * * who willfully fails to pay such * * * tax * * * at the time or times required by law * * * shall, in addition to other penalties provided by law, be guilty of a misdemeanor * * *"[1]

Defendant has filed a motion for judgment of acquittal or in the alternative for a new trial.

The tax years involved in the present case were the calendar years 1953 and 1954. The 1953 tax, $2,672.17, was due on March 15, 1954. The 1954 tax, $4,025.-73, was due on April 15, 1955. All the 1953 and 1954 taxes plus interest and penalties were paid on September 25, 1956, after an intensive effort to collect on the part of the Internal Revenue Service, including a threat of criminal prosecution. The tax returns were filed correctly and on time.

Failing to pay his income tax on time was not a new or unusual experience for defendant. Although he always filed the returns on time, starting in 1948 he never paid the tax on time. His taxpaying record, with only one extension of the time for payment, and without any

---

1. These sections also make it a misdemeanor willfully to fail to file income tax returns on time, keep records, or supply information. Other sections make it a felony willfully to attempt to evade or defeat the tax.

# 580

satisfactory explanation as to the lateness in payment,[2] shows the following:[3]

| Year | Due[4] | | Paid |
|------|--------|------|------|
| 1947 | 3/15/48 | 10/13/48 | $2,000.00 |
|  |  | 3/24/49 | 1,549.22 |
| 1948 | 3/15/49 | 5/11/50 | 500.00 |
|  |  | 7/31/50 | 500.00 |
|  |  | 9/ 6/50 | 500.00 |
|  |  | 9/11/50 | 954.63 |
| 1949 | 3/15/50 | 11/ 1/50 | 500.00 |
|  |  | 12/ 4/50 | 500.00 |
|  |  | 7/17/51 | 500.00 |
|  |  | 11/15/51 | 800.00 |
|  |  | 1/23/52 | 1,084.74 |
|  |  | 2/13/52 | 200.00 |
|  |  | 3/ 4/52 | 250.00 |
|  |  | 3/12/52 | 278.16 |
|  |  | 3/24/52 | 200.00 |
|  |  | 9/25/56 | 679.87 |
| 1950 | 3/15/51 | 10/10/52 | 500.00 |
|  |  | 11/ 5/52 | 500.00 |
|  |  | 1/29/53 | 750.00 |
|  |  | 7/24/53 | 4,743.92 |
|  |  | 9/25/56 | 641.32 |
| 1951 | 3/15/52 | 7/24/53 | 4,764.97 |
|  |  | 12/ 9/54 | 746.03 |
|  |  | 4/ 5/56 | 1,393.45 |
|  |  | 9/25/56 | 1,100.08 |
| 1952 | 3/15/53 | 4/ 6/56 | 500.00 |
|  |  | 4/ 6/56 | 1,606.55 |
|  |  | 5/14/56 | 500.00 |
|  |  | 5/28/56 | 500.00 |
|  |  | 6/28/56 | 200.00 |
|  |  | 9/25/56 | 2,045.73 |
|  |  | 9/25/56 | 701.63 |
| 1953 | 3/15/54 | 9/25/56 | 3,178.91 |
|  |  | 9/25/56 | 452.18 |
| 1954 | 4/15/55 | 9/25/56 | 3,968.69 |
|  |  | 9/25/56 | 573.42 |
| 1955 | 4/15/56 | 12/31/56 | 2,500.00 |
|  |  | 3/ 5/57 | 2,015.13 |
|  | Extension to |  |  |
|  | 7/15/56 | 4/15/57 | 2,137.88 |

It is obvious that the defendant could have paid at least a substantial part (United States v. Burdick, 3 Cir., 1955, 221 F.2d 932) of his tax on time if he had desired to do it. At a time when he owed some $6,000 for income tax for the years 1948 and 1949 be bought a $25,000 property in Ventnor City, New Jersey, making a $10,800 cash payment thereon at the settlement, April 28, 1950. On May 19, 1954, when he owed a large amount of income tax going back to 1949, including all the 1953 tax, he purchased a new $5,020.21 automobile, a Cadillac DeVille, paying $1,520.-21 in cash and financing the balance. On February 16, 1955, he purchased a new $5,547.63 Cadillac Eldorado for which he paid $1,549.50 in cash and traded in another car for the balance. At this time he owed a large amount of income tax for years going back to 1949, including all the 1953 tax, and his 1954 tax was almost due. On or about January 6, 1956, defendant paid $6,080 for a sumptuous wedding banquet for his daughter, even though at the time he owed income tax amounting to some $14,000 for the years 1949 to 1954, inclusive, with the 1955 tax still to be paid. There were 472 guests at the banquet. Included in the cost of the banquet were $2,030 for liquor and $1,000 for Duke Ellington's orchestra.

Since the taxpayer failed to pay his tax on time, the only question in the present case is whether the evidence shows beyond a reasonable doubt that this failure was willful.

■ Defendant relies largely on Spies v. United States, 1943, 317 U.S. 492, at page 498, 63 S.Ct. 364, at page 367, 87 L.Ed. 418, in which the Supreme Court

---

2. An accountant explained that the defendant said he did not have the money to pay the tax on time and that he preferred to owe the money to the government rather than borrow it. Assuming that the evidence as to these statements was properly admissible, I do not consider them satisfactory explanations of defendant's failure to pay on time in view of other evidence in the case.

3. Some of these payments apparently include interest but most of them do not. It seems clear, however, that although all defendant's income tax plus interest and lien fees up to and including 1955 were paid late they have been paid in full.

4. No question has been raised as to the timely payment of installments payable under declarations of estimated tax.

commented on the word willful, saying: "In view of our traditional aversion to imprisonment for debt, we would not without the clearest manifestation of Congressional intent assume that mere knowing and intentional default in payment of a tax where there had been no willful failure to disclose the liability is intended to constitute a criminal offense of any degree. We would expect willfulness in such a case to include some element of evil motive and want of justification in view of all the financial circumstances of the taxpayer."

The meaning of willfulness had been considered by the Supreme Court prior to the Spies case in United States v. Murdock, 1933, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381, where it used the phrase bad purpose as part of the definition instead of evil motive. In the Murdock case the court said (290 U.S. at page 394, 54 S.Ct. at page 225): "The word [willful] often denotes an act which is intentional, or knowing, or voluntary, as distinguished from accidental. But, when used in a criminal statute, it generally means an act done with a bad purpose * * * without justifiable excuse * * * stubbornly, obstinately, perversely * * * The word is also employed to characterize a thing done without ground for believing it is lawful * * * or conduct marked by careless disregard whether or not one has the right so to act."

In order to understand the Supreme Court's statement about the meaning of willfulness in the Spies case, that statement must be read in the context of the facts of the case. In the Spies case the taxpayer had failed to file his return and to pay his tax for only a single year. Unlike the present case there was not a series of failures to obey the mandate of the income tax laws. In view of this important distinction between the facts of the Spies case and the facts of the present case it seems to me that the latter part of the more comprehensive definition of willful in the Murdock case is applicable here: denoting an act done "without justifiable excuse * * * stubbornly, obstinately, perversely * * * without ground for believing it is lawful * * * or conduct marked by careless disregard whether or not one has the right so to act."

Defendant's failure to pay on time certainly was knowing and intentional, and it was more than that. His failure had circumstances connected with it which bring it within all the additional elements of the definition of willfulness as they are set forth in the Murdock case. The defendant's failure to pay year after year was without justifiable excuse since he was able to spend large sums for luxuries when taxes were owing. Defendant was stubborn, obstinate, and perverse in that he persisted in his failure to pay on time for a period of nine years. His failure to pay on time was without ground for believing that it was lawful. The fact that he executed and filed proper returns on time shows clearly that he knew that tax was due and when it was due and that the law required returns to be filed and tax to be paid in conformity with the returns. Perhaps he believed that he was not committing a criminal offense by not paying on time, but this does not mean that he did not know that it was unlawful not to pay on time. His conduct was marked by a careless disregard of whether or not he had the right not to pay his tax on time. This is shown by the number of times he failed to pay on time when he knew tax was due and when he could have paid a substantial part of his tax on time if he had not carelessly disregarded his tax obligations.[6] There was a want of justification

---

6. There is a statement by the Supreme Court as to disregard of a person's legal obligations in the meaning of willfulness in Spurr v. United States, 1899, 174 U.S. 728, 19 S.Ct. 812, 43 L.Ed. 1150, where a bank president was charged with having illegally and willfully certified a check when the account in his bank was insufficient to cover the check. The defense was that he did not know

considering his financial circumstances. In my opinion defendant's failure to pay on time clearly was willful.

Up to this point the analysis of what was necessary to establish willfulness in the present case has emphasized the other factors mentioned in the Murdock case, rather than the factor of evil motive or bad purpose. That does not mean, however, that defendant had no evil purpose or bad motive. As the Supreme Court indicated in the Spies case, a mere knowing and intentional default in the payment of one year's tax would not establish an evil motive underlying the default. While a single occurrence would not show evil motive, one or two repetitions may indicate it, and a long and unbroken series of occurrences establishes it clearly. If a person jostles you once, you have no ground for saying that he did it with an evil motive. If he does it again you come to the reasonable conclusion that he has done it intentionally. If he jostles, you, however, every time you meet, there is no escaping the conclusion that there is something behind his actions—some purpose or motive to harm you. It is equally obvious that this motive is not good but evil. Thus one, or two, or possibly three knowing and intentional failures to pay the tax on time would leave room for doubt that there was an evil motive behind them, but where a man has knowingly and intentionally defaulted nine times running without exception, the conclusion is inescapable, in the absence of any substantial evidence to the contrary, that this series of defaults arose from an evil motive.

■ When I refer to the defendant's failure to pay his tax on time over the period from 1947 to 1955, I am not unmindful of the fact that he is charged in the present case only with failure to pay his 1953 and 1954 taxes. Delinquencies for other years, however, must be considered, because willfulness involves a state of mind and the defendant's consistent pattern of action from 1947 to 1955 is helpful in determining his state of mind in reference to his failure to pay his 1953 and 1954 tax on time. See Holland v. United States, 1954, 348 U.S. 121, 139, 75 S.Ct. 127, 99 L.Ed. 150.

■ The present case is made difficult by the absence of any case squarely in point.[7] Apparently this is the first case in which a taxpayer has been prosecuted for willful failure to pay his tax on time where he has filed proper returns on time and has belatedly paid his tax in full. There are many cases, however, where defendants were charged with having willfully failed to file returns. For example see United States v. Litman, 3 Cir., 1957, 246 F.2d 206, Yarborough v. United States, 4 Cir., 1956, 230 F.2d 56, United States v. Di Silvestro, D.C.E.D.Pa.1957, 147 F. Supp. 300. These cases have been cited by the government in its effort to show that it has proved what is required to make out a case on the problem of willfulness. They are not very helpful here, however, because a failure-to-pay case is somewhat different from a failure-to-file case. As the Supreme Court pointed out in the Spies case, supra, (317 U.S. at page 497, 63 S.Ct. at page 367): "[Willfulness] may well mean

that the account was insufficient. The Supreme Court said (174 U.S. at page 735, 19 S.Ct. at page 815): "The wrongful intent is the essence of the crime. If an officer certifies a check with the intent that the drawer shall obtain so much money out of the bank, when he has none there, such officer not only certifies unlawfully, but the specific intent to violate the statute may be im-

puted. And so evil design may be presumed if the officer purposely keeps himself in ignorance of whether the drawer has money in the bank or not, or is grossly indifferent to his duty in respect to the ascertainment of that fact."

7. The Spies case, supra, involved a charge of willful attempt to evade or defeat income tax, under another section of the Revenue Code.

something more as applied to nonpayment of a tax than when applied to failure to make a return." However, a statement in the opinion in the Litman case, supra, is pertinent here, it being (246 F.2d at page 208): "To begin with, the delay in filing was great and persistent over three consecutive taxable years. Such a pattern of behavior, as distinguished from a single occurrence, itself suggests willfulness."

Paying his taxes on time would have been inconvenient to defendant as it is to many people, but by no means would it have been impossible. The lateness of the payments, including the 1953 and 1954 taxes, was not due to defendant's financial circumstances, but rather to his disregard of the obligation to pay his income tax on time. It was without justifiable excuse and it was with an evil motive. It is hard to conceive of a clearer application of the use of the word willful as it is used in the section of the Revenue Code under which the present prosecution has been brought.

Defendant's counsel has called to my attention the opinion of the Court of Appeals for the Ninth Circuit, filed November 14, 1957, in the case of Wilson v. United States, 250 F.2d 312. The Wilson case involved a charge against an employer who had withheld income and social security taxes from his employees but had failed to pay the withheld taxes to the government using the money in his business. The trial judge apparently was of the opinion that the definition of willfulness in the Murdock and Spies cases did not apply to the case, and that because the case involved money which had been withheld from employees, the money was held by the employer as a kind of trust fund. He concluded that a case of willfulness was made out by showing, without anything more, an intentional failure to pay the fund over. The Court of Appeals disagreed with the trial judge and was of the opinion that the elements of willfulness as set forth in the Murdock and Spies cases must exist to prove willfulness in a withholding tax case

just as in a personal income tax case. However, it granted a new trial instead of judgment of acquittal, thereby indicating that there was sufficient evidence in the case to prove willfulness and to sustain a verdict of guilty. The opinion in the Wilson case is entirely consistent with the verdict of guilty in the present case and, by deciding that there was sufficient evidence in the case to sustain a conviction, tends to confirm the verdict in the present case.

The defendant has made other contentions which were answered by Judge VAN DUSEN prior to the trial and which will not be considered by me.

Defendant's motions for judgment of acquittal and for a new trial are denied. The facts set forth in this opinion constitute the Court's special findings of fact requested by defendant under Rule 23(c) of the Rules of Criminal Procedure, 18 U.S.C.A.