**UNITED STATES of America,**
**Appellee,**
**v.**
**Norman BROWN and Zelman Fairorth,**
**Appellants.**

**No. 507, Docket 28769.**

United States Court of Appeals
Second Circuit.

Argued June 12, 1964.

Decided Aug. 5, 1964.

Michael F. Armstrong, Asst. U. S. Atty. for Southern Dist. of New York (Robert M. Morgenthau, U. S. Atty., and Peter E. Fleming, Jr., Asst. U. S. Atty., on the brief), for appellee.

Marshall I. Stewart, New York City, for appellants.

Before FRIENDLY, SMITH and MARSHALL, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge.

Zelman Fairorth and Norman Brown were convicted on trial to the jury in the United States District Court for the Southern District of New York, Archie O. Dawson, Judge, on two counts of aiding and abetting the interstate transportation of stolen securities, 18 U.S.C. § 2 and § 2314, and one count of conspiracy to do so, 18 U.S.C. § 371. They appeal from sentences of imprisonment. We find no error and affirm the convictions.

On two occasions in June, 1962, securities abstracted from the vault of Sutro Brothers and Company, a New York brokerage house, were sold with the assistance of a Philadelphia broker named Greenbaum, who employed appellant Brown as a trader. The major figure in the scheme was one Wuensche, purported operator of a Pennsylvania construction and dredging concern. Fairorth, a Philadelphia attorney, had advanced substantial amounts of money to assist in financing Wuensche's company under an agreement to share in the profits. In the two transactions in stolen securities, Fairorth assisted with letters confirming that "Wentz" was the possessor of the securities, in order to forestall inquiry of Sutro Brothers. The certificates, held for customers' accounts (in one instance for 43 shares of IBM, 100 shares of A. T. & T. and 100 shares of General Tel. & Electronics, and in the second instance, 500 shares of A. T. & T.), were in Sutro's name and had been endorsed by Sutro before they were abstracted from its vault. Brown, according to the Government's proof, approached Greenbaum to enlist his aid in the sale of the stolen securities, Brown having been told that they were being obtained from a customer's portfolio and would have to be put back within six months. Wuensche, testifying for the Government, claimed to have paid Brown and Fairorth, as well as Greenbaum and others, part of the proceeds of the sales.

Fairorth, who represented himself at the trial, contends that the proof of his complicity was insufficient, that the weight of the evidence favored him, that he should have been granted a new trial because of newly discovered evidence that he was insane at the time of trial, that he was not represented by counsel and that he was incompetent to represent himself.

Brown also contends that the evidence was insufficient, that Fairorth was insane

and that his insanity infected Brown's trial. He also claims error in the denial of a motion for severance and in the vagueness of the indictment.

We find these contentions unpersuasive.

■ Brown's motion for severance was a matter within the discretion of the court. Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101, Butler v. United States, 317 F.2d 249, 8 Cir., cert. denied 375 U.S. 838, 84 S.Ct. 77, 11 L.Ed.2d 65 (1963). Neither the number nor background of defendants charged nor the nature of Brown's alleged connection with the claimed conspiracy indicated a likelihood of prejudice from joinder, given proper instructions to the jury on individual guilt. Such instructions were given. Indeed, two of the five tried together were acquitted. Compare De Grandis v. Fay, 2 Cir., 1964, 335 F.2d 173.

■ The attack on the indictment is not well taken. The indictment sufficiently identifies the substantive crimes charged to give Brown notice of the offenses, to enable him to prepare his defense and to protect against subsequent prosecution for the same offenses. This is enough, Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932). Further details, if desirable, could have been sought by motion for bill of particulars. United States v. Varlack, 225 F.2d 665 (2 Cir. 1955). The conspiracy count is likewise sufficient. There is no requirement that a conspirator be charged with personal participation in one of the overt acts charged, so long as evidence of his own conduct has proved his participation in the conspiracy and some one of the overt acts charged has been performed by a co-conspirator in behalf of all.

■ This court cannot substitute itself for the jury in determining the credibility of the witnesses and the weight of the evidence. United States v. Stromberg, 268 F.2d 256, 266–267 (2 Cir.), cert. denied 361 U.S. 863, 80 S.Ct. 119, 4 L.Ed. 2d 102 (1959); United States v. Tutino,

269 F.2d 488, 490 (2 Cir. 1959). Wuensche's testimony alone, which is corroborated in many respects (for instance Fairorth's letters introducing Wuensche under the alias of Wentz), if believed by the jury, amply supports the finding that Brown and Fairorth were guilty beyond a reasonable doubt. Whether Brown and Fairorth were innocent dupes of Wuensche or knowing accomplices was squarely presented to the jury and determined adversely to the appellants.

From the cold record it is indeed difficult to understand how Fairorth, Brown and his employer Greenbaum could have expected to avoid being implicated once the stolen securities were identified. However, the jury, which heard Wuensche and all the defendants on the stand, may have credited Wuensche's story that he had told the appellants that detection was unlikely since he would be in a position to replace the securities in six months before they would be missed and that he had promised to shoulder the blame if anything went wrong. These defendants, Fairorth and Brown, are victims either solely of Wuensche's fabrications or of their own greed and gullibility. The jury determined that it was the latter, and we find no basis for upsetting that determination.

■ Fairorth chose to represent himself on the trial of the case, against the advice of Judge Dawson. His choice was a poor one, for although he was a practicing attorney in Philadelphia, he was apparently inexperienced in the trial of criminal matters. He was facing serious criminal charges and would have been well advised to have obtained counsel, and counsel experienced in such matters, at that. His choice was, however, deliberate, in an effort to enlist the sympathy of the jury, and he may not now repudiate it because his strategy proved unsuccessful. He was not without competence, and his conduct of his defense by no means made the trial a farce or a mockery of justice.

■ The final ground on which both appellants rely is a claim that Fair-

orth was insane or incompetent at the time of the trial and that this prevented a fair trial for both. We find no support in the record for such a claim. The defense of insanity was not raised at the trial and is not before us on appeal as such a defense. Both appellants, however, sought to raise the question, by motion for acquittal or new trial, filed after verdict but before sentence, and by similar motions filed some months after sentence. Sentence was imposed November 18, 1963, notice of appeal filed the same day. The post sentence motions were filed December 13, 1963, denied February 24, 1964, additional motions and affidavits filed May 8, 1964, denied June 10, 1964. Notices of appeal from the orders of February 24 and June 10 were filed June 12, 1964. The notice was not timely as to the orders of February 24. We find no error in the denial of the motions filed May 8. The motions, made while the case was on appeal, were denied as untimely under Rule 33. This ruling was proper. The District Court was without power to grant a motion for new trial on the ground of newly discovered evidence while the case was pending here on appeal. Nor do we consider that remand should be had for consideration of the motion for new trial on the basis of the affidavits submitted. The affidavits of Fairorth, a psychiatrist and a psychoanalyst fall short of a showing of insanity, or, in the face of the trial record, of incompetence and in any case relate primarily to observations of Fairorth's condition prior to trial and cannot be considered evidence newly discovered after the trial. If present mental illness appears in the study under § 4208(b), recourse may be had to 18 U.S.C. §§ 4241–4247, and of course, if substantial claim is made of insanity or incompetence at the time of trial, the judgment may be collaterally attacked. See Kyle v. United States, 288 F.2d 440 (2 Cir. 1961); Catalano v. United States, 298 F.2d 616 (2 Cir. 1962); United States v. Cannon, 310 F.2d 841 (2 Cir. 1962).

The judgment of conviction is affirmed as to both defendants.