**Norton Edward RICHARDSON,**
**Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 22784.**

United States Court of Appeals
Fifth Circuit.

May 12, 1966.

Barry Hess, Mobile, Ala., for appellant.

D. Broward Segrest, Asst. U. S. Atty., Vernol R. Jansen, Jr., U. S. Atty., for appellee.

Before TUTTLE, Chief Judge, THORNBERRY, Circuit Judge, and LYNNE, District Judge.

LYNNE, District Judge:

Convicted under a two-count indictment charging him with unlawful possession of fifty gallons of nontaxpaid whiskey (26 U.S.C. § 5205(a) (2)) and the unlawful removal or concealment thereof (26 U.S.C. § 7206(4)), appellant is here insisting that the trial court erred in refusing to suppress and in permitting the introduction of evidence relating to the discovery by officers Treherne and Willemoes of contraband liquor in the trunk of an automobile.

On the night of August 26, 1964, these officers, while positioned in the vicinity of a vacant house in Mobile, Alabama, observed an automobile, occupied by two men, being driven upon the premises. The driver, Salisbury, a co-defendant who entered a plea of guilty, proceeded to remove two packages, wrapped in paper and having the general shape of one-gallon jugs, from the trunk of the car and to place them on the ground. Appellant, who was well-known to and recognized by Treherne when he flashed a light in his face, fled and was not apprehended until the next day. Salisbury ran when Treherne started toward him and was immediately arrested by Wille-

moes. Treherne tripped over the two packages on the ground and, by tasting, identified their contents as moonshine whiskey.

The lid of the trunk had been left up, and there were exposed to plain view forty-eight one-gallon glass jugs full of whiskey bearing no tax stamps. These were promptly seized by the officers after Salisbury had been placed under arrest. Appellant, testifying at the trial as a witness in his own behalf, denied that he was present at the scene and asserted that he neither owned nor possessed the automobile involved and that he had no interest in or connection with the whiskey seized.

■ On its facts, this case is an inappropriate vehicle for re-examination of the rationale of cases holding that one who disclaims ownership or possession of, or connection with the premises searched or the property seized, lacks standing to complain of an unlawful search or seizure. Parr v. United States, 255 F.2d 86, 89 (5th Cir. 1958); Lovette v. United States, 230 F.2d 263, 264 (5th Cir. 1956).

■■ Clearly, the search and seizure here complained of was valid as incident to the arrest of Salisbury which was lawful under the provisions of 26 U.S.C. § 7608(b) (2) (B). Moreover, there was nothing unreasonable about observing the whiskey which was plainly visible to the naked eye and thereafter seizing it. United States v. Lee, 274 U.S. 559, 47 S.Ct. 746, 71 L.Ed. 1202 (1927); Nicholson v. United States, 355 F.2d 80 (5th Cir. 1966); Petteway v. United States, 261 F.2d 53 (4th Cir. 1958); Haerr v. United States, 240 F.2d 533 (5th Cir. 1958).

There remains for consideration appellant's contention that the trial court erred in denying his verified motion for a new trial without a hearing thereon. Chronology is important in the ensuing discussion. The trial jury returned a general verdict of guilty on May 13, 1965. On May 18 judgment of conviction was entered and sentence imposed.

On May 21 appellant filed his motion for a new trial and contemporaneously therewith filed his notice of appeal from the judgment of conviction. On May 27 the trial court, without affording any hearing, entered an order denying such motion. No appeal was taken from such order.

Appellant's motion for a new trial contained four grounds. The first two related to the sufficiency of the evidence to sustain a conviction. The fourth has been abandoned. The third ground asserted that during the course of the trial, Treherne, principal witness for the prosecution, engaged in a private conversation with a member of the trial jury in a corridor adjacent to the courtroom, which fact was not discovered by him until after the verdict and judgment.

■ Notwithstanding the fact that appellant's motion and the order denying it were physically brought up in the record on appeal, a threshold inquiry, divisible into two parts, must be made. The first relates to the jurisdiction of the district court to enter such order during the pendency of the appeal. By necessary implication Rule 33 of Federal Rules of Criminal Procedure confers jurisdiction upon the trial court to hear a motion for a new trial on the ground of newly discovered evidence while the case is on appeal from the judgment of conviction. Asserting improper communication by the principal prosecuting witness to a member of the jury, the third ground of appellant's motion rests squarely upon newly discovered evidence within the purview of Rule 33. Holmes v. United States, 284 F.2d 716, 97 A.L.R.2d 782 (4th Cir. 1960). Thus, the trial court had jurisdiction to hear the motion. With respect to the power to act upon the motion, such rule expressly precludes the granting of such a motion absent remand by the appellate court; however, its power to deny the motion is beyond doubt. Ferina v. United States, 302 F.2d 95 (8th Cir. 1962); Smith v. United States, 109 U.S.App.D.C. 28, 283 F.2d

607 (1960); see Knight v. United States, 213 F.2d 699 (5th Cir. 1954).

The second question that must be asked is whether the order complained of is properly before this court since no appeal was taken therefrom. The general rule is that a timely appeal from the judgment of conviction takes up the grounds assigned to a motion for a new trial which may be included in the points raised on appeal. An exception exists in the case of a motion based upon newly discovered evidence. It is usually necessary to perfect a separate appeal from the denial of such a motion. Gray v. United States, 112 U.S.App.D.C. 86, 299 F.2d 467 (1962); United States v. Bertone, 249 F.2d 156 (3d Cir. 1957). Inasmuch as appellant's motion is hybrid in nature, embodying both the traditional grounds asserting errors committed upon the trial and an additional ground relating to newly discovered evidence, we do not, as appellant did not, segregate the grounds of such motion and therefore conclude that the action of the trial court in denying such motion without a hearing is properly before this court.

The allegation of fact in the third ground of the motion that the witness Treherne engaged in a private conversation with one of the jurors must stand as confessed since no hearing was conducted. Prejudice will be assumed in the form of a rebuttable presumption. Brown v. United States, 224 F.2d 845 (6th Cir. 1955); Johnson v. United States, 207 F.2d 314, 322 (5th Cir. 1953); Ryan v. United States, 89 U.S. App.D.C. 328, 191 F.2d 779 (1951); cf. Turner v. State of Louisiana, 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424 (1965). In failing to conduct "a thorough inquiry * * * to determine exactly what * * * occurred" before overruling the motion, the trial court abused its discretion. Johnson v. United States, supra, 207 F.2d at 322.

We therefore affirm the judgment of conviction, vacate the order of the district court denying the motion for a new trial, and remand the case to the district court with directions to hold a hearing to determine whether the incident complained of in the third ground of appellant's motion occurred as alleged and, if so, was harmful to him, and if after hearing it is found to have occurred and to have been harmful, to grant a new trial. Remmer v. United States, 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654 (1954).

It is so ordered.