UNITED STATES of America, Plaintiff-Appellee,

v.

Gerald Ladd HERSH, Defendant-Appellant.

No. 26615

Summary Calendar.

United States Court of Appeals Fifth Circuit.

Sept. 8, 1969.

William G. Haynes, Topeka, Kan. (Ct. appointed counsel), for appellant.

Ted Butler, U. S. Atty., Reese L. Harrison, Jr., Asst. U. S. Atty., San Antonio, Tex., for appellee.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

THORNBERRY, Circuit Judge:

Appellant was convicted by a jury of violating 18 U.S.C. § 371, conspiring to print counterfeit United States currency, and was sentenced on June 18, 1968 to five years' imprisonment.[1] Notice of appeal from the judgment was timely filed. Subsequently the trial judge received a letter, dated July 8, 1968, from one of appellant's co-defendants, Kenneth Gary, stating that the appellant had not printed the counterfeit money as he (Gary) had testified during the trial in which appellant was convicted. Later, the trial judge received another letter from Gary, dated July 15, 1968, repudiating his first letter and stating that it was written under "duress at the insistence of Mr. Hersh." The trial judge made copies of the two letters available to counsel in the case.

On December 4, 1968, appellant filed motion for leave to file a motion for new trial based on newly discovered evidence, the evidence being the first letter written by Kenneth Gary to the trial judge. The letter was unverified and no other supporting material was attached to the motion. The government filed its answer, attaching the second letter, likewise unverified. The district court, in its order of December 11, 1968, denying the motion, stated that "this Court is without jurisdiction to rule on any substantive matter in the case since an appeal is pending. (See Rule 33, Federal Rules of Criminal Procedure, supra.)"[2] The district court further stated: "However, even if this Court did have jurisdiction to rule on the matter on its merits, the Court, after having presided at the defendant's trial, would not be inclined to grant him a new trial." The court then granted leave to the appellant to file his motion for new trial, denied it, and directed the clerk of the district

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804.

2. Rule 33 of the Federal Rules of Criminal Procedure provides that

The court may grant a new trial to a defendant if required in the interest of justice. * * * A motion for new trial based on the grounds of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending, the court may grant the motion only on remand of the case. * * *

court "to certify to the Court of Appeals for the Fifth Circuit the defendant's motion for new trial, together with all related papers."

Appellant did not file a second notice of appeal from the denial of his motion for new trial based on newly discovered evidence, but on January 27, 1969,[3] filed his brief with this Court dealing only with the denial of his motion for new trial.

On January 28, 1969, the government filed in this Court a motion to dismiss as untimely under Rule 33, F.R.Crim.P., the appeal from the district court's denial of appellant's motion for new trial. We denied the motion to dismiss.[4]

▮ In Richardson v. United States, 5th Cir. 1966, 360 F.2d 366, this Court had before it the same question presented in this case. There the appellant, on May 21, 1965, contemporaneously filed notice of appeal and a motion for new trial, one of the grounds for which was newly discovered evidence. On May 27, 1965, the trial court, without affording any hearing, entered an order denying the motion for new trial. The first question considered by us in *Richardson* related "to the jurisdiction of the district court to enter such order [denying the motion for new trial] during the pendency of the appeal." In considering this question, this Court stated:

> * * * by necessary implication Rule 33 of Federal Rules of Criminal Procedure confers jurisdiction upon the trial court to hear a motion for a new trial on the ground of newly discovered evidence while the case is on appeal from the judgment of conviction.

3. The filing of the brief on January 27, 1969 was timely by reason of extensions of time duly granted.

4. The order denying the government's motion to dismiss reads as follows:
Per Curiam:
  The Government's motion in the above-styled case to dismiss as untimely the attempted appeal from the district court's denial of appellant's motion for new trial is DENIED. The Court will consider the brief filed by appellant on

* * * * *

Thus, the trial court had jurisdiction to hear the motion. With respect to the power to act upon the motion such rule expressly precludes the granting of such a motion absent remand by the appellate court; however, its power to deny the motion is beyond doubt. Ferina v. United States, 302 F.2d 95 (8 Cir. 1962); Smith v. United States, 109 U.S.App.D.C. 28, 283 F.2d 607 (1960); see Knight v. United States, 213 F.2d 699 (5 Cir. 1954). Id. at 368–369.

While we went on in *Richardson* to hold that the district court abused its discretion in overruling the motion, it is clear from what we said there that in the instant case while the district court did not have the power to grant the motion pending appeal, it did have the jurisdiction to consider appellant's motion and the power to deny it.

▮ The question now before us, then, is whether the district court can be held to have abused its discretion in denying the motion based on a single letter of recantation, unsupported by affidavits or other documented evidence and repudiated seven days later. We have carefully considered the entire record of this case, including all related papers, and hold that the district judge who presided at the trial of the case, and listened to and observed the witnesses who testified, including Gary—the author of the two letters involved—did not abuse his discretion in denying the motion for new trial. Newman v. United States, 5th Cir. 1956, 238 F.2d 861, cert. denied 350 U.S. 824, 76 S.Ct. 51, 100 L.

January 27, 1969, as his brief on the appeal from the judgment, of which he gave timely notice. Gray v. United States, D.C. Cir. 1962, [112 U.S.App.D. C. 86] 299 F.2d 467, 468; *see also* Richardson v. United States, 5th Cir. 1966, 360 F.2d 366, 368. The Government is directed to file its brief within 30 days from the date of this order and appellant to file his brief within 14 days after service of the Government's brief. F.R.A.P., Rule 31.

**838**

Ed. 736. Nor should we remand the case for consideration of the motion for new trial on the basis of the letter. United States v. Brown, 2d Cir. 1964, 335 F.2d 170.

Affirmed.