580 F.2d 724
 UNITED STATES of America, Plaintiff-Appellee,
v.
Rodosvaldo FUENTES-LOZANO, Roman Elias Perez, Antonio
Rotella-Galindo, Raul Rodriguez-Pena, Issac
Padron-Figueroa, and Daniel Rodriguez,
Defendants-Appellants.
 No. 78-5202.
 United States Court of Appeals,
Fifth Circuit.
 Sept. 7, 1978.
 
 Henry Gonzalez, Miami, Fla., Frank K. Martin, Columbus, Ga., for defendants-appellants.
 Wm. T. Moore, Jr., U. S. Atty., Augusta, Ga., Katherine L. Henry, Asst. U. S. Atty., Savannah, Ga., for plaintiff-appellee.
 Appeal from the United States District Court for the Southern District of Georgia.
 Before GOLDBERG, AINSWORTH and RUBIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 After being convicted of conspiracy to distribute and import marihuana in violation of 21 U.S.C. §§ 846 and 963, and while their appeal was pending, the defendant-appellants sought a "temporary remand" to allow the trial court to entertain a motion for a new trial. Considered as a motion to remand (without qualification), the motion is appropriate, and it is granted. However, it raises procedural issues that require discussion.
 
 
 2
 After conviction, new counsel was retained by appellants. In a motion filed in this court, this attorney states that he has interviewed each of the appellants and learned that only one of them, Issac Padron-Figueroa, understands English; Figueroa has only a minimum level of comprehension and neither reads nor speaks English; the other appellants neither read, speak, nor understand it. He alleges that, therefore, the appellants were not able to aid in the preparation of their defense in the trial court, and seeks a remand to the district court to enable it to entertain a motion for new trial and conduct a hearing thereon.
 
 
 3
 Rule 33, Federal Rules of Criminal Procedure, states in part:
 
 
 4
 A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. . . .
 
 
 5
 Thus, the rule prohibits the district court from granting a motion for a new trial after an appeal has been taken. Several circuits have held that the rule does not, however, prohibit the district courts from Entertaining the motion. If upon hearing the motion, the trial court is inclined to deny it, the court may do so; a separate appeal may then be taken from the denial of the motion and consolidated with the pending appeal. On the other hand, if the district court thinks that the motion should be granted, it should certify that determination to the appellate court in order that the appellate court may entertain a motion to remand. See, e. g., United States v. Ellison, 7 Cir. 1977, 557 F.2d 128, 132; United States v. Hays, 9 Cir. 1972, 454 F.2d 274, 275; Rakes v. United States, 4 Cir. 1947, 163 F.2d 771, 772-73, Cert. denied, 1948, 335 U.S. 826, 69 S.Ct. 51, 93 L.Ed. 380.
 
 
 6
 We have also approved of this procedure. United States v. Smith, 5 Cir. 1970, 433 F.2d 149, 152 (district court should determine "whether it should advise the appellate court that it is disposed to grant the motion for new trial if the appellate court will entertain a suggestion for remand); United States v. Hersh, 5 Cir. 1969, 415 F.2d 835, 837 ("while the district court did not have the power to grant the motion pending appeal, it did have the jurisdiction to consider appellant's motion and the power to deny it"); Richardson v. United States, 5 Cir. 1966, 360 F.2d 366, 368 (Rule 33 " expressly precludes the granting of such a motion absent remand by the appellate court; however, (the trial court's) power to deny the motion is beyond doubt").
 
 
 7
 These authorities would permit the filing of the motion for a new trial in the district court without express sanction by this court. However, in United States v. Johnson, 5 Cir. 1974, 487 F.2d 1318, 1321, Cert. denied, 1974, 419 U.S. 825, 95 S.Ct. 41, 42 L.Ed.2d 48, without mention of the prior Fifth Circuit cases, we vacated the trial court's denial of three motions, including one for new trial, stating, "When a case is on appeal the trial court has no jurisdiction to entertain such motions." We went on to state that the proper procedure for obtaining consideration of such motions "is to move that the circuit court remand for good cause shown."
 
 
 8
 Because the procedure followed here conforms to the procedure approved in Johnson (although only a "temporary remand" rather than an unconditional remand is sought), we grant the motion. However, in order to clarify the appropriate procedure, we again affirm the authority of our prior decisions in Smith, Hersh and Richardson. A motion for a new trial may be presented directly to the district court while the appeal is pending; that court may not grant the motion but may deny it, or it may advise us that it would be disposed to grant the motion if the case were remanded. Alternatively, as here, to avoid delay, the appellant may seek a remand for the purpose of permitting the district court fully to entertain the motion.
 
 
 9
 The case is, therefore, remanded to permit the filing and consideration of the proposed motion.