**FA`Aİ'U FIU aka HANA, Appellant,**

**v.**

**AMERICAN SAMOA GOVERNMENT, Appellee.**

High Court of American Samoa
Appellate Division

AP No. 07-01

June 16, 2004

Before KRUSE, Chief Justice, GOODWIN,[*] Acting Associate Justice, TASHIMA,[**] Acting Associate Justice, MAMEA, Associate Judge, and TAPOPO, Associate Judge.

Counsel: For Appellant, Bentley C. Adams III, Assistant Public
Defender, and Andrew Stave, Assistant Public Defender
For Appellee, John W. Cassell, Assistant Attorney General

---

[*] Honorable Alfred T. Goodwin, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.
[**] Honorable A. Wallace Tashima, Circuit Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

ORDER OF REMAND

KRUSE, Chief Justice:

Appellant Fa`ai`u Fiu aka Hana ("Fiu") was convicted by a jury of rape, kidnapping, and sexual abuse in the first degree. After the trial and sentencing, Fiu's trial attorney, Asaua Fuimaono, filed a Motion for New Trial or Reconsideration. Counsel then filed a Motion to Substitute Attorneys, seeking to be relieved and to have the Public Defender appointed to represent Fiu. The trial court denied the Motion for New Trial, granted the Motion to Withdraw, and appointed the Public Defender to represent the defendant.

Subsequently, Fiu's Public Defender attorney, Bentley C. Adams III, filed with the Appellate Division a Combined Notice of Appeal and Motion for Time to File Out of Time Appeal Based on Newly Discovered Evidence. *American Samoa Gov't v. Fa`ai`u Fiu*, AP No. 07-01 (App. Div. April 30, 2002). In these pleadings, Fiu requested a hearing to inquire into information not introduced into evidence that may have influenced the verdict. Without supporting affidavits, the amended motion describes a conversation that counsel Fuimaono had with a juror, Ms. Puletasi:

> Mr. Fuimaono asked Ms. Puletasi if she would tell him what influenced the jury to return its verdict of guilty in the case because in Mr. Fuimaono's estimation the Government's case was rather weak. Ms. Puletasi informed Mr. Fuimaono that he felt sorry for Mr. Fuimaono because the jury was pretty much convinced the defendant was guilty due to their knowledge of the defendant and his reputation. She specifically stated the jurors knew the defendant had a reputation as a womanizer and that he had gotten two women pregnant out of wedlock.

(Mot. for New Trial at 2.) The Appellate Division heard the motion and remanded the matter to the trial court for consideration. (*Id.*)

Treating Fiu's Combined Notice of Appeal and Motion for Time to File Out of Time Appeal Based on Newly Discovered Evidence as a second new trial motion, the trial court heard argument and denied the motion. The trial court concluded that Fiu was not diligent in attempting to discover the extraneous evidence of the jurors' knowledge of his character and prior bad acts. This appeal ensued.[1]

---

[1] The defendant additionally appeals on the grounds that the trial court also erred in: (1) allowing the jury to hear testimony concerning an in-custody statement of the defendant; (2) failing to reverse the verdict because of ineffective assistance of counsel and/or insufficient evidence

■ The juror's statement discussed in Fiu's motion implicates juror misconduct for exposure to extraneous evidence. "A defendant is entitled to a new trial when the jury obtains or uses evidence that has not been introduced during trial if there is 'a reasonable possibility that the extrinsic material *could* have affected the verdict.'" *United States v. Keating*, 147 F.3d 895, 900 (9th Cir. 1998) (quoting *Dickson v. Sullivan*, 549 F.2d 403, 405 (9th Cir. 1988)) (emphasis added). Exposure of the jury to facts not in evidence could deny a defendant "the rights of confrontation, cross-examination, and the assistance of counsel." *Marino v. Vasquez*, 812 F.2d 499, 505 (9th Cir. 1987) (quoting *Gibson v. Clanon*, 633 F.2d 851, 853 (9th Cir. 1980)). Regardless of whatever each juror knew about Fiu before voir dire, Fiu may be entitled to a new trial if one juror learned extraneous evidence that could have affected the verdict. *Keating*, 147 F.3d at 899-900.

■ ASG argues Fiu waived his right to make a post-trial challenge of any juror's exposure to extraneous information, because during voir dire the defendant had opportunity to discover and challenge juror knowledge of extraneous evidence and bias. The trial court did not clearly err in finding that Fiu failed to take advantage of the opportunity to inquire and challenge the preexisting knowledge of jurors. *American Samoa Gov't v. Fa`ai`u Fiu*, CR No. 102-00 (Trial Div. April 30, 2002). As a result of Fiu's lack of diligence, he waived his constitutional protections and cannot object on appeal to jurors with knowledge of extraneous evidence obtained prior to voir dire. *See Keating*, 147 F.3d at 899-900. Despite this initial waiver, however, Fiu did not waive the other constitutional protections that prohibit the exposure of unknowing jurors to extraneous evidence during trial. We cannot, therefore, dispose of the matter without further analysis. *See id.; United States v. Saya*, 101 F.Supp.2d 1304, 1315 (D. Haw. 1999).

■ A trial court decision whether to grant a new trial is generally reviewed for an abuse of discretion. *United States v. Sarno*, 73 F.3d 1470, 1507 (9th Cir. 1995). When a defendant makes a sufficient allegation of juror misconduct, the issue is whether "the state has met its burden of demonstrating that extrinsic evidence did not contribute to the verdict," and it is an abuse of discretion to fail to hold an evidentiary hearing to fully investigate allegations of juror misconduct. *Keating*, 147 F.3d at 899 (citations omitted); *United States v. McKinney*, 429 F.2d 1019, 1025-1026 (5th Cir. 1970) (quoting *Richardson v. United States*, 360 F.2d 366, 369 (5th Cir. 1966)); *United States v. Doe*, 513 F.2d 709, 711-712 (1st Cir. 1975) (adopting *McKinney*). An evidentiary hearing must be held "when a party comes forward with 'clear, strong, substantial and incontrovertible evidence . . . that a specific, nonspeculative

---

to establish guilt beyond a reasonable doubt. For reasons discussed below, we reserve jurisdiction on these questions.

impropriety has occurred.'" *United States v. Ianniello*, 866 F.2d 540, 543 (2nd Cir. 1989) (quoting *United States v. Moon*, 718 F.2d 1210, 1234 (2d Cir. 1983) (omission in original)). Although the trial court cannot and should not delve into the deliberations of the jury, the trial court, however, has an obligation to investigate jury exposure to external evidence to safeguard against jury consideration of inadmissible, irrelevant, or prejudicial evidence.

 In our view, the trial court abused its discretion in failing to undertake an evidentiary inquiry into the question of extraneous evidence impacting upon the verdict. Fiu's failure to produce affidavits in support of his motion is not fatal to his claim of juror misconduct. *McKinney*, 429 F.2d at 1030 (holding that affidavits were not procedurally required to trigger an evidentiary hearing into juror misconduct in a motion for new trial). Fiu's Public Defender attorney Adams stated at hearing that the trial attorney "informed me that since the trial . . . it has come to his attention that one of the jurors - - through one of the jurors in the case, that during the trial, the jury was exposed to inadmissible and prejudicial material which is not part of the evidence in the case." (Hr'g Tr. at 5, Oct. 29, 2001.) The juror's statement implies that all of the jurors knew the information, which indicates a good possibility that at least one juror learned prejudicial extraneous evidence about Fiu during trial. The evidence against Fiu is not overwhelming, so exposure to extraneous evidence could reasonably have impacted on the verdict. *Keating*, 147 F.3d at 898. Viewed in this context, the allegation made in the motion for new trial warrants further evidentiary investigation.

 The scope of such a hearing should be narrowly focused "to only what is absolutely necessary to determine the facts with precision," namely, to only post-voir dire jury exposure to extraneous evidence that could have affected the verdict. *Ianniello*, 866 F.2d at 544. Additionally, and in accordance with T.C.R.Ev. 606, the inquiry should refrain from examining jurors' mental impressions. *See id.* The trial court has the discretion to control the mode and extent of questioning, and the participation of the parties. *See id.* Initially, at least the juror who spoke to counsel Fuimaono should be questioned. Then, based on initial evidence, the trial court has the discretion whether to examine any more jury members or other witnesses. *See id.*

We accordingly REMAND for an evidentiary hearing and, if the evidence on juror misconduct so warrants, a new trial.