**UNITED STATES of America,
Plaintiff,**

v.

**Ignacio RAMOS, Jr. and Jose Alonso
Compean, Defendants.**

**No. EP–05–CR–00856–KC.**

United States District Court,
W.D. Texas,
El Paso Division.

Oct. 25, 2006.

David L. Botsford, Law Office of David Botsford, Austin, TX, Mary Stillinger, Attorney at Law, Christopher Allen Antcliff, Law Office of Chris Antcliff, Maria B. Ramirez, Law Office of Maria B. Ramirez, Stephen Gordon Peters, El Paso, TX, Edgar A. Mason, Attorney at Law Dallas, TX, for Defendants.

### ORDER

CARDONE, District Judge.

On this day, the Court considered Defendants Ignacio Ramos, Jr.'s and Jose Alonso Compean's Motion for New Trial ("Motion"). Having reviewed the record, Defendants' Motion (Doc. 179) is hereby **DENIED**.

## I. BACKGROUND

On March 8, 2006, a unanimous jury found Border Patrol Agents Ignacio Ramos, Jr. and Jose Alonso Compean guilty of Assault with a Dangerous Weapon and Aiding and Abetting under 18 U.S.C. 113(a)(3), among other crimes. The judge polled each juror individually, confirming the unanimity of the verdict. On March 17, 2006, Defendant Ramos filed a motion to extend the time period during which to file a motion for a new trial. Defendant Ramos explained that he required more time because defense counsel had been unable to make contact with the jurors "perhaps due in part to the spring break holidays." Defs.' Mot. 1. On March 22, 2006, the Court denied the motion. Defendants Ramos and Compean now seek a new trial under Federal Rule of Criminal Procedure 33(b) based upon newly discovered evidence of a "prejudicial external influence" upon the jury during jury deliberations.

## II. DISCUSSION

### A. Timeliness

Defendants argue that their motion is timely as it is based upon newly discovered evidence and was brought within the three year time limit for the filing of such motions under Federal Rule of Criminal Procedure 33(b). Defendants explain that evidence of misconduct during jury deliberations is newly discovered evidence because it could not have been discovered until after the trial. The Government responds that the motion is untimely because the evidence is not newly discovered and therefore the seven day time limit applies.

Federal Rule of Criminal Procedure Rule 33(b) provides that a motion for a

new trial based upon newly discovered evidence must be filed within three years after the guilty verdict. FED.R.CRIM.P. 33(b). A motion for a new trial on any other grounds must be filed within seven days of the verdict. *Id.* Whether evidence is newly discovered evidence involves two broad questions. John A. Glenn, *What constitutes "newly discovered evidence" within meaning of Rule 33 of Federal Rules of Criminal Procedure relating to motions for new trial,* 44 A.L.R. Fed. 13, §§ 2–2a (1979). The first question involves "whether the claimed 'evidence' is the type or matter of 'evidence' which a motion for a new trial based on newly discovered evidence is intended to cover" such as "evidence of a new legal theory or issue." *Id.* The second question is whether the evidence is actually newly discovered, meaning whether it was or should have been known at trial. *Id.*

■ Courts are split on the issue of whether a motion for a new trial based on jury conduct discovered after the verdict is newly discovered evidence. *Id.* Though the United States Court of Appeals for the Fifth Circuit has never specifically addressed the timeliness of a motion for a new trial based on facts similar to those of this case, it has twice addressed whether evidence regarding jury conduct was timely. *See United States v. Jones,* 597 F.2d 485, 488 (5th Cir.1979)(categorizing a motion for a new trial based upon improper jury communications as a motion for a new trial based upon newly discovered evidence); *Richardson v. United States,* 360 F.2d 366 (5th Cir.1966)(stating that a motion for a new trial based on evidence of an improper communication between a prosecution witness and a juror is a motion based upon newly discovered evidence).

In *United States v. Jones,* the Fifth Circuit held that improper external communications with a juror, in that case a bribe, could constitute newly discovered evidence for the purposes of the timeliness requirement of a motion for a new trial. *Jones,* 597 F.2d at 488. The court explained that a motion for a new trial "cannot be based on newly discovered evidence unless that evidence is in fact unknown to the movant until after the verdict." *Id.* The court also noted that the defendant has the burden of proving that the evidence was such and not due to lack of due diligence. *Id.* Similarly, the Fifth Circuit has also found that improper communications between the prosecution's principal witness and a juror is newly discovered evidence for the purposes of Rule 33(b). *Richardson v. U.S.,* 360 F.2d 366, 368 (5th Cir.1966).

■ In the instant case, it is clear that Defendants' evidence was not known at trial and could not have been known at trial with due diligence because this information allegedly came into existence after trial and during jury deliberations. Therefore, this Court holds that this evidence is newly discovered evidence for the purposes of Rule 33(b). Accordingly, this Court finds that Defendants' motion for a new trial based upon newly discovered evidence is timely.

**B. Juror Influence**

Defendants argue that external influences were brought to bear upon the jury in this case. They contend that the jury foreman [1] provided misleading information to his fellow jurors when he allegedly told them that this Court would not accept a hung jury. Defendants provide three juror affidavits which include testimony from the jurors to the effect that each was "actually *misled* by the incorrect factual statements of another juror, who purport-

---

1. Defendants point out that one of the jurors states that she cannot recall the source of the statement though she states that it was made during jury deliberations.

ed to have some special knowledge." Defs.' Mot. 3–4 (emphasis in original). Defendants argue that these jurors "were influenced by this extrinsic 'fact'" and speculate that when these jurors realized that they could not convince the majority to vote not guilty[2], they conceded their votes. *Id.* Defendants argue that this misinformation is an extrinsic influence upon the jury and that therefore a new trial is required.

■ In the Fifth Circuit, the general rule is that a defendant may not challenge a jury verdict when the jurors were polled and agreed to the verdict. *United States v. Brito*, 136 F.3d 397, 414 (5th Cir.1998) (citing *United States v. Straach*, 987 F.2d 232, 241–42 (5th Cir.1993)). However, when external influences are brought to bear upon the jury, a juror may impeach the jury's verdict with such evidence. *Id.* (citing *Mattox v. United States*, 146 U.S. 140, 13 S.Ct. 50, 36 L.Ed. 917 (1892).) Federal Rule of Evidence 606(b) codifies this longstanding rule that jurors may only testify as to "extraneous prejudicial information" or "outside influences" that are brought to bear upon the jury. FED. R.EVID. 606(b).

■ Improper statements, pressure, or coercion of a juror or jurors upon fellow jurors are not evidence of an external influence; rather, they are an inadmissible intrinsic influences that cannot be used to impeach the jury's verdict. *Brito*, 136 F.3d at 414; *Straach*, 987 F.2d at 241–42; *United States v. Marrero* 904 F.2d 251, 261 (5th Cir.1990); *United States v. Vincent*, 648 F.2d 1046, 1049–50 (5th Cir. 1981); *United States v. Blackburn*, 446 F.2d 1089, 1090–91 (5th Cir.1971). For example, in *United States v. Marrero*, the defendant interviewed two jurors who claimed that another juror "told them dur-

ing deliberations that the 'majority rule' controlled their verdict and that they had to vote with the majority despite their intention of voting not guilty." *Marrero*, 904 F.2d at 261. The Fifth Circuit held that this conduct was an intrinsic influence, was inadmissible under Federal Rule of Evidence 606(b) as well as the Supreme Court's holding in *Tanner v. United States*, 483 U.S. 107, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987), and could not serve as a basis for impeaching the verdict. *Marrero*, 904 F.2d at 261.

Similarly, in *United States v. Brito*, the defendant moved for a new trial upon learning that a juror claimed that her verdict was coerced by the threats and insults of other jurors. *Brito*, 136 F.3d at 414. The Fifth Circuit held that such "alleged internal coercion" among jurors is not considered an outside influence and affidavits attesting to any such conduct are inadmissible to impeach the verdict. *Id.* The Fifth Circuit affirmed both the trial court's refusal to consider the evidence and its denial of the motion for a new trial. *Id.*

■ In this case, three jurors claim that they were misled by the false statements of a juror regarding the possibility of a hung jury. Consistent with the Fifth Circuit holdings in *Marrero* and *Brito*, as well as the other Fifth Circuit cases cited above, this Court finds that allegations of a juror's false statement regarding the unavailability of a hung jury is an intrinsic influence. As an intrinsic influence, this statement is inadmissible under Federal Rule of Evidence 606(b), under the Supreme Court's holding in *Tanner*, and under prevailing Fifth Circuit case law.

Defendants liken their case to *United States v. Rosenthal*, 445 F.3d 1239 (9th

---

**2.** Defendants' Motion states "when they saw they could not convince the majority in favor of voting guilty, they conceded their votes."

Defs.' Mot. 3. The Court assumes that Defendants intended to write "not guilty."

Cir.2006). In *Rosenthal,* a juror sought the advice of an attorney friend on the eve of rendering a verdict. *Id.* at 1244. The juror asked whether she was required to follow the court's instructions or if she had any "leeway ... for independent thought." *Id.* at 1246. The Ninth Circuit held that this communication between a juror and an attorney was extraneous prejudicial information and an improper influence upon the jury. *Id.* Defendants state that "the only pertinent difference [between *Rosenthal* and this case] is that the juror in [this] ... case communicated false information to the other jurors." Defs.' Reply 4.

Defendants argument is misplaced. The veracity of the juror's statement is not pertinent in considering whether an influence is extrinsic, rather, it is the source of the influence that is relevant to the inquiry. In *Rosenthal,* the influence upon the jury was external because its original source was an attorney friend who was not a member of the jury.[3] Because the origin of the allegedly improper statement in this case is another juror and because the statement relates to that juror's personal experience and the deliberative process of the jury this Court finds that the statement is evidence of an intrinsic influence upon the jury and is inadmissible. As the Motion for New Trial is based entirely upon this inadmissible evidence, it (Doc. No. 179) is therefore **DENIED.**

   **SO ORDERED.**

---

3. The Court acknowledges that a juror's own remarks can in certain circumstances constitute a prejudicial external influence. However, a juror's discussion of personal experiences is not an external influence. *United States v. Garrett,* 237 F.3d 631 (5th Cir.2000)(unpublished). Nor could a juror's misleading or coercive statement regarding the deliberative process constitute an external influence either. *Marrero,* 904 F.2d at 261; *Brito,* 136 F.3d at 414.